IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3072-D

| | |
|---|---|
| JOHN H. BLOUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RUEBEN F. YOUNG, et al., ) | |
| ) | |
| Defendants. ) | |

On March 28, 2012, John H. Blount ("Blount" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Blount seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 4]. On October 25, 2012, the court reviewed the complaint pursuant to 28 U.S.C. § 1915A, dismissed Blount's claim concerning medical care at Craven Correctional Institution, along with any claim against defendants Young and Hardee, as frivolous, allowed Blount to proceed with his claim concerning deliberate indifference to a serious medical need against defendant Westberg, and his claim concerning failure to protect, but directed Blount to name any defendant(s) directly responsible for this claim [D.E. 9]. Blount's initial response failed to provide sufficient information to name a defendant, and on December 6, 2012, the court again directed Blount to supplement his allegations [D.E. 11].

On December 26, 2012, Blount named Officer Thomas E. Mullinix[1] in connection with his failure to protect claim [D.E. 12]. On January 16, 2013, the court directed the clerk to serve defendants Westberg and Mullinix [D.E. 13] and the clerk directed North Carolina Prisoner Legal

---

[1] Blount spelled this defendant's last name as "Mullinis." It appears that this defendant's last name is "Mullinix." See Mem. Supp. Mullinix Mot. Dismiss [D.E. 48] 1.

Services, Inc., ("NCPLS") to investigate Blount's claims [D.E. 14]. On May 16, 2013, NCPLS responded to the order of investigation, indicating that it had determined appointment of counsel was not warranted and had provided advice and assistance to Blount [D.E. 28].

On June 17, 2013, defendant Westberg answered the complaint [D.E. 36] and filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6) [D.E. 34]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Blount about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 37]. On September 17, 2013, defendant Mullinix filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [D.E. 47]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Blount about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 49]. On October 7, 2013, Blount filed a document which the clerk construed as a request for production of documents, but which the court construes as a response in opposition to the motions to dismiss [D.E. 50]. As explained below, the court grants the defendants' motions to dismiss.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court

2

Case 5:12-ct-03072-D   Document 51   Filed 12/17/13   Page 2 of 6

may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips, 572 F.3d at 180. Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

"In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The Supreme Court has explained that the first prong is an objective one—the prisoner must show that "the deprivation of the basic human need was objectively 'sufficiently serious'"—and the second prong is subjective—the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" Id. (alteration in original) (emphasis removed) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. See Helling v. McKinney, 509 U.S. 25, 36 (1993); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992).

The allegations of Blount's complaint arose at Craven and Hyde Correctional Institutions ("Craven" and "Hyde"). Compl. 3–4. Blount alleges that on August 5, 2011, while incarcerated at Craven, another inmate (Jerode Jackson) assaulted him. Id. 3. Blount alleges that he told defendant

Case 5:12-ct-03072-D   Document 51   Filed 12/17/13   Page 3 of 6

Mullinix "that my C.I. Jerode Jackson was at Craven, before I was attacked." [D.E. 12] 1. Blount further alleges that he later told Mullinix that Jackson had bragged to other inmates about stealing from Blount, but that Mullinix failed to investigate the allegations. Id. 2. Blount asserts that although he suffered "substantial head, back, and teeth injuries," medical staff refused to perform x-rays "and have not responded appropriately to my serious injuries." Compl. 3. Blount also asserts that he has a history of depression, and that defendant Westberg, a physician at Hyde, "has demonstrated deliberate indifference towards my mental health issues and requests for depression medicine." Id. 4. In his response to the motions to dismiss, Blount also states that defendant Westberg "denied me X-Rays and medication for depression, and pain so I could sleep at night." [D.E. 50] 1. Blount seeks injunctive relief to obtain medical and mental health care, "compensation for pain and sufferings, and cost of this suit." Compl. 4; see also [D.E. 50] 1.

The court first addresses Blount's claim against defendant Westberg. Deliberate indifference to a prisoner's serious medical needs violates the prisoner's Eighth Amendment rights. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prove such a claim, Blount "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). A prisoner, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06. Similarly, mere disagreements about medications, forms of treatment, or the timing of treatment implicate medical judgments and not the Eighth Amendment. See id. at 105–06; Jordan v. Fischer, 773 F. Supp. 2d 255, 276 (N.D.N.Y. 2011).

Defendant Westberg asserts that Blount's allegations fail to state a claim for deliberate indifference to a serious medical need. Mem. Supp. Westberg Mot. Dismiss [D.E. 35] 9–17. The court agrees. Blount's wholly conclusory allegations concerning Westberg's course of treatment fail to show that he required depression medication or that Westberg offered him no alternative form of treatment. In short, Blount has failed to plausibly allege that he suffers from a serious medical condition, or that Westberg deliberately denied him necessary treatment for his condition. To the extent Blount asserts that Westberg should have provided him with x-rays or other medication, [D.E. 50] 1, the claim fails for the reasons stated in the court's October 25, 2012 order.

As for defendant Mullinix,[2] "prison officials . . . must take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotation omitted). A prison official will not be liable for a failure to protect an inmate "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Mere negligence is not enough. Id. at 838; Wilson, 501 U.S. at 305; Price v. Sasser, 65 F.3d 342, 345 (4th Cir. 1995). Moreover, a prison official's failure to alleviate a significant risk of harm to an inmate that the official "should have perceived but did not" does not violate due process. See Farmer, 511 U.S. at 838.

Blount now characterizes Mullinix's conduct as "negligen[t]." [D.E. 50] 1. The court concludes that Blount has failed to allege that Mullinix actually drew and disregarded any inference concerning Blount's safety. Thus, the court dismisses the claim. To the extent Blount seeks damages from high-level DPS officials rather than from Mullinix, [D.E. 50] 1, to hold a supervisor

---

[2] To the extent Mullinix seeks dismissal of any claim concerning a failure to provide Blount with medical care, see Mem. Supp. Mullinix Mot. Dismiss 4–6, the court already dismissed this claim. See [D.E. 9] 4.

5

liable for a constitutional injury inflicted by a subordinate, a plaintiff must prove three things: "(1) that the supervisor had actual or constructive knowledge that [a] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response . . . was so inadequate as to show deliberate indifference to or tacit authorization of the [subordinate's conduct]; and (3) that there was an affirmative causal link between the supervisor's inaction and the [plaintiff's] constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (quotations omitted). Blount has not plausibly alleged these elements as to the officials he now names.

In sum, for the reasons stated, the court GRANTS defendants' motions to dismiss [D.E. 34, 47]. The clerk shall serve a copy of this order on plaintiff at his current place of incarceration and close the case.[3]

SO ORDERED. This 17 day of December 2013.

*JAMES C. DEVER III*
Chief United States District Judge

---

[3] On March 12, 2013, Blount was transferred to Greene Correctional Institution. N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0035130&searchOffenderId=0035130&listurl=pagelistoffendersearchresults&listpage=1 (last visited Dec. 16, 2013); see [D.E. 39-1] (envelope indicating different address).

6

Case 5:12-ct-03072-D   Document 51   Filed 12/17/13   Page 6 of 6